UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY JUNIOR BEATO,<br><br>Defendant. | Case No. 1:18-cr-00282-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Henry Beato's Emergency Motion for Reduction of Sentence. Dkt. 32. The Government opposes the motion. Dkt. 34. For the reasons that follow the Court will deny the motion.

## BACKGROUND

Beato pled guilty and was convicted of one count of wire fraud and one count of aggravated identity theft. On February 19, 2019, Beato was sentenced to 48 months incarceration. Dkt. 30. Beato has served approximately 22 months of his 48-month sentence.

Beato is 25 years old. The PSR noted that Beato was healthy and has never sustained a serious illness or injury. Dkt. 21. In his motion, Beato claims that he

**MEMORANDUM DECISION AND ORDER - 1**

suffers from hypertension and asthma. Dkt. 32. However, his medical records show that he has normal blood pressure and has never claimed to have asthma. Dkt. 35.

## LEGAL STANDARD

Beato brings this motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). A motion for compassionate release or reduction of sentence may be made by either the Director of the Bureau of Prisons or by a defendant who has fully exhausted administrative remedies within the Bureau of Prisons (BOP). In order to modify a sentence and grant compassionate release, a district court must engage in a three-step process. First, it must consider the 18 U.S.C. § 3553(a) factors. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has determined that "extraordinary and compelling reasons" to release a defendant from BOP custody include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *See* USSG § 1B1.13. Third, the Court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." See 18 U.S.C. § 3582(c)(1)(A).

MEMORANDUM DECISION AND ORDER - 2

## ANALYSIS

Beato has not exhausted his administrative remedies as required by § 3582(c)(1)(a). Even if he had the Court would deny the motion on the merits.

Beato suggests there have been 36 inmates and 4 staff members who have tested positive for COVID-19 at FCI Fort Dix, where he is incarcerated. Fort Dix currently has 14 inmates who have tested positive for COVID-19. Twenty-eight inmates and five staff have recovered. htttps://www.bop.gov/coronavirus/ (last accessed June 17, 2020).

The medical records show that Beato is a healthy 25-year-old. Beato is not in a high-risk category for COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed June 17, 2020). Even though BOP's action plan has not fully contained the spread of COVID-19 at FCI Fort Dix, Beato has not shown an extraordinary and compelling reason for his early release.

Beato has also not demonstrated that there has been any material change in the § 3553(a) factors or that he would not be a danger to the community. Beato defrauded 29 victims. He urges that he be released to live with his family in New York. However, this is where his co-schemers reside and there is no indication that he would not go back to the criminal activity for which he is currently incarcerated.

## ORDER

**IT IS ORDERED** that Defendant's Emergency Motion for Reduction of Sentence (Dkt. 32) is **DENIED**.

DATED: June 22, 2020

_____
B. Lynn Winmill
U.S. District Court Judge